the main question is resolved in favor of appellants, such grounds need not be further considered.

Judgment and order appealed from must be reversed, and new trial ordered, with costs to appellant to abide the event.

CONLAN, J., concurs.

---

## WHEELER v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.   October 29, 1900.)

WITNESSES—CREDIBILITY—JURY—VERDICT—BIAS.
Where the testimony of plaintiff was contradicted by five witnesses for the defendant, a verdict in conformity with the testimony of plaintiff will not be disturbed in the absence of a showing that it was induced by prejudice, bias, or unfair consideration.

Appeal from trial term.

Action by Dewitt C. Wheeler, Jr., against the Metropolitan Street-Railway Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and HASCALL, JJ.

Henry A. Robinson, for appellant.
M. P. O'Connor, for respondent.

FITZSIMONS, C. J.   The jury had a right to believe the testimony of plaintiff as against the five witnesses produced by the defendant. They had before them all of the witnesses, and heard their testimony, and saw the manner in which they testified; and their judgment of defendant's guilt and plaintiff's innocence should be respected.   We should not and will not interfere with the finding of jury unless it is clear that they were influenced by prejudice, bias, or unfair considerations in their deliberation.   No such accusation can be made herein, as we read the record.

The judgment must be affirmed, with costs.   All concur.

---

## BRIEFER v. JOHNSON.

(City Court of New York, General Term.   October 29, 1900.)

BANKRUPTCY—PRIOR JUDGMENT—SETTING ASIDE—COSTS.
Where, prior to the discharge of a bankrupt, judgment had been obtained against him, it was error, on granting his motion to set aside the judgment, to impose costs on him.

Appeal from special term.

Motion by Amund Johnson, a bankrupt, to have a judgment against him in favor of Julius Briefer set aside.   From an order setting aside the judgment, with costs to the moving party, he appeals.   Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Kurzman & Frankenheimer, for appellant.
Charles F. G. Wahle, for respondent.

FITZSIMONS, C. J.   The defendant was regularly discharged in bankruptcy.   Prior to his discharge a judgment was obtained in this court against him.   More than one year after such discharge was granted, he applied to have said judgment against him discharged. His motion should have been granted, without costs.   It was error to grant this motion only upon the payment; it should have been granted unconditionally.

Order reversed, with $10 costs, and motion granted, without costs.

CONLAN, J., concurs.

---

KLEIN v..METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.   October 29, 1900.)

APPEAL—VERDICT—CONFLICTING EVIDENCE—UNDUE INFLUENCE—PREJUDICE.
    Where the finding of a jury is based on conflicting evidence, it is con-
    clusive on appeal, in the absence of a showing of undue influence or prej-
    udice.

Appeal from trial term.   ·
Action by Bruno O. Klein against the Metropolitan Street-Railway Company.   From a judgment in favor of the plaintiff and an order denying a new trial, defendant appeals.   Affirmed.
Argued before FITZSIMONS, C. J., and CONLAN, J.

Henry A. Robinson, for appellant.
Davis & Loeser, for respondent.

CONLAN, J.   The action was for an injury to the plaintiff, alleged to have been caused by the defendant's negligence.   The testimony on both sides is in conflict as to how the injury was occasioned; the plaintiff asserting that, while he had one foot on the ground and the other on the car step, the car started with a suddenness and a jerk that threw him to the ground.   The contention of the defendant is that the plaintiff endeavored to alight while the car was in motion.   The case was submitted to the jury, who settled the disputed questions in the plaintiff's favor.

Courts of appeal, as it is well said, will not disturb the finding of a jury upon disputed questions of fact, unless it clearly appears that such finding was reached by undue influence, prejudice, or some element which might tend to distort the mind of the jury.   There is no pretense that anything of the kind existed in the case at bar, nor do we think that remarks of counsel in the course of summing up in any way influenced the jury in arriving at their verdict, especially in view of the fact that proper instruction was given to the jury concerning remarks of counsel by the trial justice.   Entertaining these views upon the questions presented by the record, and not finding that any error was committed upon the trial which calls for an interference